HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANGELA HENDERSON,

    Plaintiff,

    v.

METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendant.

CASE NO. C09-1723RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on two related motions: Plaintiff Angela Henderson's motion (Dkt. # 35) for reconsideration of a portion of the court's July 19, 2010 order, and the motion (Dkt. # 38) of Defendant Metropolitan Property and Casualty Insurance Company ("MetLife") to amend its responses to Ms. Henderson's requests for admission. The court finds oral argument unnecessary, and no party requested it. For the reasons stated herein, the court GRANTS MetLife's motion and DENIES Ms. Henderson's motion.

## II. BACKGROUND

Jacob Feroe drove his car into Ms. Henderson's car in an October 2006 accident. Ms. Henderson suffered injuries. MetLife was Ms. Henderson's car insurance provider. Her policy included uninsured and underinsured motorist ("UIM") coverage. The parties now dispute the amount of MetLife's UIM liability.

ORDER – 1

1  In defending against Ms. Henderson's claims for UIM benefits, MetLife will stand in Mr. Feroe's shoes. Accordingly, it may seek at trial to offer evidence that there was an open and full can of beer in Ms. Henderson's car when the accident occurred. It is undisputed that Ms. Henderson was not under the influence of alcohol at the time.

Ms. Henderson filed a motion in limine to exclude evidence of the beer. The court denied the motion in a July 19 order, finding that the evidence could be relevant to MetLife's contributory negligence or comparative fault defense. Dkt. # 34 at 6 ("An open container of beer (or any drink) in a car is, at a minimum, a distraction for the driver.").

Ms. Henderson moved for reconsideration of that order. She contends that after she filed her motion in limine, MetLife failed to timely respond to a set of requests for admission ("RFAs") that she served on April 5, 2010. One of those RFAs was a request to admit that "[t]he sole proximate cause of the October 26, 2006 collision, which is the subject matter of this litigation, was the negligence of Jacob A. Feroe." Ms. Henderson contends that by failing to timely respond to this RFA within 30 days, MetLife admitted it. Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . . ."). Accordingly, she contends that MetLife no longer has a defense of comparative fault or contributory negligence, and thus the can of beer has no relevance to any issue remaining for trial.

Ms. Henderson filed her motion for reconsideration on July 28. At that time, her counsel had never conferred with MetLife's counsel regarding the missing responses to the RFAs. Immediately upon receiving the motion for reconsideration, MetLife served responses to the RFAs. It denied the RFA in question. MetLife has presented unchallenged evidence that it prepared responses to the RFAs promptly after receiving them, but inadvertently neglected to serve them on Ms. Henderson. It did not discover the error until Ms. Henderson filed her motion for reconsideration.

ORDER – 2

On the same day MetLife responded to Ms. Henderson's motion for reconsideration, it filed a motion for leave to amend its interrogatory responses. The court now turns to both motions.

### III.   ANALYSIS

**A.    The Court Denies Ms. Henderson's Summary Judgment Motion.**

This court's local rules set the standard for motions for reconsideration:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. CR 7(h)(1). In this case, MetLife's admission-by-default of the RFA in question took place on May 6, 2010, thirty days after Ms. Henderson served the RFAs. Fed. R. Civ. P. 36(a)(3). That was well after Ms. Henderson filed her motion in limine, and thus the court finds that she has pointed to new facts that justify the court reconsidering its order.[1] The court emphasizes, however, that litigants are always free to file supplemental briefing to address relevant events occurring after filing a motion, but before the court resolves the motion. A supplemental filing in this case would have obviated the need for a motion for reconsideration.

Ms. Henderson's prospects for success on reconsideration turn on whether the court will hold MetLife to its admission to the RFA in question. Federal Rule of Civil Procedure 36(b) governs this issue:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court

---

[1] In her reply brief on her motion for reconsideration, Ms. Henderson asserted that even if MetLife could withdraw its admission, the court should reconsider its order because MetLife has not proffered evidence that the beer was a proximate cause of the collision. That argument is better suited for a summary judgment motion. Ms. Henderson did not raise the issue in her motion in limine, and she therefore cannot raise it in her motion for reconsideration, especially not in her reply brief.

ORDER – 3

      is not persuaded that it would prejudice the requesting party in maintaining or defending the action on its merits.

The court has discretion to grant or deny a request to withdraw or modify a response to an RFA. *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir. 1981). It must "be cautious" in exercising that discretion to permit withdrawal or modification. *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985). Rule 36(b) itself guides the court as it exercises discretion. The court must consider whether permitting the amendment would "promote the presentation of the merits of the action" and whether the amendment would "prejudice the requesting party in maintaining or defending the action on its merits." Fed. R. Civ. P. 36(b); *see also Gallegos v. City of Los Angeles*, 308 F.3d 987, 993 (9th Cir. 2002) (considering materially identical prior version of Rule 36). Rule 36 serves "two important goals: truthseeking in litigation and efficiency in dispensing justice." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). A court must accordingly consider both goals before resolving a motion to amend a response to an RFA. *Id.*

      The court begins by noting that MetLife has provided uncontroverted evidence that its failure to respond to the RFAs was inadvertent. MetLife apparently prepared responses promptly, but forgot to serve them on Ms. Henderson. This is negligence, to be sure, but it is not gamesmanship or litigation misconduct. At least one Ninth Circuit panel has suggested that a court *must* permit amendment of an inadvertent admission to an RFA. *Asea*, 669 F.2d at 1248 ("In a proper case, of course, such as when an admission has been made inadvertently, Rule 36(b) might well require the district court to permit withdrawal."). That MetLife's failure to respond to the admissions was inadvertent (and corrected the same day that Ms. Henderson first notified MetLife of the error) weighs heavily in favor of granting its request to amend.

      The court also notes that the RFA at the heart of Ms. Henderson's motion for reconsideration was only one of 33 RFAs that she served, along with requests to admit the genuineness of medical records from ten of her providers. The RFAs are largely

ORDER – 4

devoted to the amount and reasonableness of her medical expenses, in addition to her claim for lost wages.

The court's interest in truthseeking and resolution of cases on their merits weighs in MetLife's favor. As the court has already noted in its prior order, it is possible (at least on this record) that the beer contributed to the accident. Holding MetLife to an inadvertent admission to the contrary would subvert the presentation of this issue to a factfinder. As to the remaining RFAs, holding MetLife to its inadvertent admissions would mean that it has admitted that Ms. Henderson's lost wages and medical expenses were reasonable in their entirety, which would be fatal to its defense against Ms. Henderson's breach of policy and bad faith claims. *See Conlon*, 474 F.3d at 622 (holding that merits prong of Rule 36(b) test is satisfied where "upholding the deemed admissions [would] eliminate[] any need for a presentation on the merits").

Finally, Ms. Henderson has not shown that she would suffer prejudice if MetLife amended its responses. *See id.* (noting that party relying on admissions bears burden of proving prejudice). Prejudice for purposes of Rule 36(b) means that a party will face difficulty proving its case, either because witnesses have become unavailable or because discovery is unavailable on the matters previously deemed admitted. *Gallegos*, 308 F.2d at 993. The court focuses on the prejudice the nonmoving party would suffer *at trial*, because most pretrial prejudice is curable. *Conlon*, 474 F.3d at 623. It is not enough, for example, that a party might need additional discovery, as the court can extend the discovery deadline if appropriate. *Id.* at 624 ("[W]e are reluctant to conclude that a lack of discovery, without more, constitutes prejudice."). The only prejudice to which Ms. Henderson points is the time and expense associated with discovery on the subjects of the requests for admission. This is insufficient.

The court will allow MetLife's amended RFA responses. The court notes that the parties have some disputes over the substance of MetLife's responses. The parties shall meet and confer about those disputes. If they are unable to resolve them, Ms. Henderson

ORDER – 5

may file a motion to determine the sufficiency of MetLife's answers. Fed. R. Civ. P.36(a)(6). Discovery in this matter closed on October 4. If Ms. Henderson wishes to take additional discovery as a result of MetLife's amended RFA responses, she should meet and confer in an attempt to agree on an extension of discovery. She must file any motion relating to the sufficiency of MetLife's RFA responses or the need for additional discovery no later than October 14.

## IV.  CONCLUSION

For the reasons stated above, the court GRANTS MetLife's motion (Dkt. # 38) to amend its responses to Ms. Henderson's RFAs, and DENIES Ms. Henderson's motion (Dkt. # 35) for reconsideration.

DATED this 5th day of October, 2010.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 6